IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIR HAKIM MCCAIN a/k/a JOHN MCCAIN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JOHN E. WETZEL, *et al.*, : <br> : <br> Defendant. : | Civil No. 3:14-cv-2141 <br><br><br><br> Judge Sylvia H. Rambo <br><br> Magistrate Judge Schwab |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which she recommends that Petitioner Amir McCain's ("McCain") amended complaint filed under 42 U.S.C. § 1983 be dismissed for failure to state a claim. The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A and recommended that the amended complaint be dismissed with prejudice.

### I. **Background**

McCain initially filed his action on November 7, 2014, naming numerous defendants from the Pennsylvania Department of Corrections, SCI-Forest, and the Pennsylvania Board of Probation and Parole. The original complaint alleged violations of the Fifth Amendment guarantee against self-incrimination and violations of the *Ex Post Facto* Clause of the United States Constitution.

After the preliminary screening, the magistrate judge granted McCain leave to file an amended complaint as to his *ex post facto* claim only. (Doc. 28.) In

disregard of that order, McCain's amended complaint not only contained the names of the original defendants plus two additional defendants but it also continued to raise his Fifth Amendment claim and added a due process claim.

McCain was convicted of rape in April 1991 and was sentenced to 21 to 60 years in jail. (Doc. 31.) He alleges certain deficiencies in his trial, conviction, sentencing, and denial of his parole. (*See* Doc. 36, p. 4.)

The magistrate judge examined the allegations in the complaint in accordance with the standard for pleading as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250 (3d Cir. 1994), and *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997). The magistrate judge concluded that McCain failed to allege facts from which it could reasonably be inferred that the defendants violated the Fifth Amendment, the *Ex Post Facto* Clause, or the Due Process Clause of the United States Constitution.

II. **Discussion**

A. ***Ex Post Facto*** **Clause**

The *Ex Post Facto* Clause of the United States Constitution generally prohibits Congress and the states from enacting any law that imposes a punishment for an act which is not punishable at the time it was committed, imposes additional punishment to that then prescribed, or deprives one charged with a crime of any

2

defense available according to the law at the time it was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).

McCain claims that 42 Pa.C.S. § 9718.1 and Department of Corrections Policy DC-43, which mandate that convicted sex offenders participate in a sex offender treatment program, are *ex post facto* as they went into effect in 2000, well after he was convicted and sentenced for rape.

The magistrate judge noted that there are two prongs to an *ex post facto* inquiry: "(1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change." (Doc. 36, p. 11 (citing *Richardson v. Pa. Bd. of Prob. and Parole*, 423 F.3d 282, 287-88 (3d Cir. 2005).) In *Coles v. Folino*, 2014 WL 5685547, at *4 (W.D. Pa. Nov. 4, 2014), the court held that a petitioner alleging an *ex post facto* claim must demonstrate a particularized disadvantage. The magistrate judge opined that McCain has failed to meet that burden.

McCain argues in his objections that he had a significant likelihood of parole under the pre-1996 policy. Defendant appears to argue that he was denied a Megan's Law sexually violent predator hearing once he was convicted of rape in December 1990.

On January 28, 2010, McCain was advised by the Executive Director of the Sexual Offenders Adjustment Board that the board can only do an assessment

3

of him at the request of the Pennsylvania Board of Probation and Parole, and then only of the convicted offender and not of a victim or member of the jury. (Doc. 39-1.) An assessment was done in March 2011. McCain claims he should have been assessed after his convictions and before sentencing. (Doc. 31, p. 17 ¶ 61.) He claims if he had had such a hearing, he would have been paroled under the pre-1996 policy instead of the 2002 policy. However, this is conclusory, as is his conclusion that the parole board paroled other inmates who were similarly situated.

### B. Fifth Amendment Claim

The Third Circuit in *Roman v. DiGuglielmo*, 675 F.3d 204, 214 (3d Cir. 2012) concluded that denial of parole for the refusal to participate in a sex offender program requiring an admission of guilt outside of a criminal trial does not implicate the Fifth Amendment.

Furthermore, the Notice of the Board Decision on November 3, 2011 (Doc. 31-1, Ex. 3) stated many reasons that supported the denial of parole.

### C. Due Process

McCain raises issues concerning deficiencies associated with his trial, conviction and sentencing. The magistrate judge opined that these claims in essence challenge the validity of his conviction and sentence and are appropriately raised in a habeas corpus petition. This court agrees.

The report and recommendation will be adopted. An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: May 11, 2017